IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SHANNON WOLFE**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:11-CV-955-L** |
| | § | |
| **AMERICAN HOME ASSURANCE COMPANY, CHARTIS CLAIMS, INC.,** f/k/a AIG DOMESTIC CLAIMS, INC., and **KIRBY ERDMAN**, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Remand, filed June 3, 2011. After careful consideration of the motion, briefs, response, appendix, record, and applicable law, the court **grants** Plaintiff's Motion for Remand.

### I. Factual and Procedural Background

Shannon Wolfe ("Plaintiff"), a citizen and resident of the State of Texas, originally filed this action in the 160th Judicial District Court of Dallas County, Texas on March 9, 2011, asserting claims against Defendants American Home Assurance Company ("AHAC"), Chartis Claims, Inc., f/k/a AIG Domestic Claims, Inc. ("Chartis"), and Kirby Erdman ("Erdman") (collectively, "Defendants") for violations of the Texas Insurance Code in their handling of Plaintiff's underlying Texas workers' compensation claim.[1] Defendants AHAC and Chartis removed this case on May 6,

---

[1] Plaintiff also alleges violations of the Texas Deceptive Trade Practices Act ("DTPA") against all Defendants. Plaintiff alleges a cause of action for breach of the duty of good faith and fair dealing solely against the carrier, AHAC. The court need not address Plaintiff's DTPA claim against Erdman, as the court's ruling regarding Plaintiff's Texas Insurance Code claim will be determinative.

**Memorandum Opinion and Order – Page 1**

2011, on the grounds that diversity of citizenship existed between the parties and that the amount in controversy exceeded $75,000 exclusive of interests and costs.

Plaintiff sustained alleged on-the-job injuries while working for Express Energy Services on September 2, 2009. Following the alleged injury, Plaintiff submitted a claim to AHAC under his employer's workers' compensation policy, which provided coverage on his behalf. On October 5, 2009, AHAC denied or delayed Plaintiff's benefits for injury except "in the form of laceration to the right eye." Pl.'s Orig. Pet., Ex. A. The Refusal to Pay Benefits letter, attached as Exhibit A to Plaintiff's Original Petition, names Erdman as the insurance claim adjuster. *Id.* Plaintiff appealed to the Texas Department of Insurance Division of Workers' Compensation, which, after a contested hearing, determined that Plaintiff had a compensable injury and ordered AHAC to pay Plaintiff benefits in accordance with its decision. *Id.*, Ex. C. The hearing officer determined that Plaintiff's injuries extended to include "closed head injury, brain concussion, post concussion syndrome, post-traumatic vertigo, post-traumatic amnesia, posttraumatic, left facial numbness, facial lacerations, tension headache, tirmitus in left ear, left TMJ disorder, multiple cracked teeth, visual disturbance with left eye corneal abrasion and tooth fracture." *Id.* Plaintiff asserts that Erdman, acting as an agent of AHAC and Chartis, personally violated the Texas Insurance Code by filing a written denial or dispute that misrepresented questions of fact and failed to conduct a reasonable investigation. *Id.* at 4-5 ¶ 14.

Plaintiff contends that because Erdman is, like Plaintiff, a citizen of the State of Texas, complete diversity of citizenship does not exist between the parties and the case should be remanded. Defendants, on the other hand, argue that Erdman was improperly joined and, therefore,

Erdman's citizenship must be ignored for diversity purposes. According to Defendants, because Erdman was improperly joined, this court has subject matter jurisdiction over the action.

## II. <u>Improper Joinder Standard</u>

A party seeking to remove an action to federal court on the basis of fraudulent or improper joinder bears a heavy burden. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (*en banc*), *cert. denied*, 544 U.S. 992 (2005). In *Smallwood*, the court "adopt[ed] the term 'improper joinder' as being more consistent with the statutory language than the term 'fraudulent joinder,' which has been used in the past. Although there is no substantive difference between the two terms, 'improper joinder' is preferred." *Id*. at 572. Accordingly, the court uses the term "improper joinder" in this opinion. As the party wishing to invoke federal jurisdiction by alleging improper joinder, Defendants AHAC and Chartis must establish that Defendant Erdman was joined by Plaintiff to defeat diversity of citizenship and therefore subject matter jurisdiction. Subject matter jurisdiction based on diversity of citizenship exists only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)), *cert. denied*, 541 U.S. 1073 (2004). In considering citizenship, however, the court considers only the citizenship of real and substantial parties to the litigation; it does not take into account nominal or formal parties that have no real interest in the litigation. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980).

To establish improper joinder, Defendants AHAC and Chartis must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)). Since AHAC and Chartis do not assert fraud by Plaintiff, the test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573 (citing *Travis*, 326 F.3d at 648).

In addressing this issue, the district court must determine whether a plaintiff has "any possibility of recovery against the party whose joinder is questioned." *Travis*, 326 F.3d at 648 (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). "If there is arguably a reasonable basis for predicting that state law might impose liability on the facts involved, then there is no [improper] joinder." *Great Plains Trust*, 313 F.3d at 312 (internal quotations and citations omitted). "This possibility, however, must be reasonable, not merely theoretical." *Id*. If there is a reasonable possibility that Plaintiff can recover on any of his claims, the case must be remanded. In making this determination regarding improper joinder, a court does not "decide whether the plaintiff will actually or even probably prevail on the merits, but look[s] only for a [reasonable] possibility that [the plaintiff] may do so." *Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42 (5th Cir. 1992) (citations omitted).

In deciding the question of improper joinder, the court may either (1) "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether [it]

states a claim under state law against the in-state defendant"; or (2) in limited circumstances, conduct a summary inquiry "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573-74.[2] Ordinarily if a Plaintiff can survive a 12(b)(6) challenge, then there is no improper joinder. *Id.* "When a defendant seeks to remove a case, the question of whether jurisdiction exists is resolved by looking at the complaint at the time the petition for removal is filed." *Brown v. Southwestern Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990). The burden of proof is on the removing party and "all contested factual issues and ambiguities of state law should be resolved in favor of the plaintiff." *Gasch v. Hartford*, 491 F.3d 278, 281 (5th Cir. 2007) (citing *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005)).

## III. Analysis

The court now examines Plaintiff's Original Petition to determine whether it sets forth a claim under state law against Erdman. Plaintiff argues that its case is nonremovable and should be remanded to state court because Erdman is a properly joined, nondiverse Defendant.[3] Defendants

---

[2]Although the decision to conduct a summary inquiry is at the discretion of the trial court, the Fifth Circuit has cautioned that a summary inquiry is appropriate only in limited instances, for example, "the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be disproved if not true." *Smallwood*, 385 F. 3d at 574 & n.12.

[3]Additionally, Plaintiff contends the case is nonremovable and should be remanded because there is no federal question presented, Plaintiff has not consented to removal, and Plaintiff's causes of action against Defendants arise under the Texas workers' compensation laws. The court agrees there is no federal question and finds the issue is solely whether complete diversity of citizenship exists between the parties. Plaintiff contends that because this case arises under Texas workers' compensation laws, litigation of the underlying workers' compensation claim is a prerequisite to establishing subject matter jurisdiction for the insurance bad faith claim, and 28 U.S.C. § 1445(c) bars removal of this case. Stated differently, Plaintiff argues that the action is nonremovable even if complete diversity of citizenship exists among the parties. Plaintiff's reliance on 28 U.S.C. § 1445(c) is misplaced. The Fifth Circuit has ruled that an employee's claims "against the employer's workers' compensation insurance carrier for breach of the duty of good faith and fair dealing are *not* immunized against removal to federal court by the provisions of 28 U.S.C. § 1445(c)."

**Memorandum Opinion and Order – Page 5**

respond that, under the second prong of the test for improper joinder adopted by the Fifth Circuit in *Smallwood*, there is no reasonable possibility that Plaintiff can recover against Erdman, and therefore joinder is improper. 385 F.3d at 573. Defendants contend that Plaintiff fails to specify a legal and factual basis to support a claim against Erdman, and that Plaintiff's allegations in support of such a claim are conclusory in nature and merely recitations of the statutory language.

In support of remand, Plaintiff contends that his statutory state law claims against Erdman are viable and there is sufficient evidence to support such claims. Plaintiff refers the court to the "Refusal to Pay Benefits" letter, attached as Plaintiff's Exhibit A to his Original Petition, which specifically names Erdman as the insurance claim adjuster. Plaintiff contends that Erdman's denial of coverage, without conducting a reasonable investigation, forms the basis for Plaintiff's cause of action. Pl.'s Orig. Pet. at 4-5 ¶ 14 & n.1. Additionally, Plaintiff cites various portions of the Texas Insurance Code, Section 541, contending Plaintiff has standing to assert a private cause of action against Erdman. Specifically, Plaintiff cites to Texas Insurance Code §541.151(a), which states in part: "A person who sustains actual damages may bring an action against another person for those damages caused by the other person engaging in an act or practice: (1) defined by Subchapter B to be an unfair method of competition or an unfair or deceptive act or practice in the business of insurance . . . ."

In order to assert a private cause of action against an insurance adjuster in Texas, a plaintiff "must be (1) a 'person,' as defined by [Section 541] and (2) injured by another's acts or practices declared to be unfair or deceptive." *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 382 (Tex. 2007).

---

*Patin v. Allied Signal, Inc.,* 77 F.3d 782, 784 (5th Cir. 1996). Such a claim is separate and distinct from a workers' compensation claim, even if it is related to the claim for workers' compensation benefits. *Id. Patin* remains controlling law. Most of the district court cases Plaintiff cites in support of his argument were decided before *Patin* and were expressly rejected by the Fifth Circuit in *Patin*.

**Memorandum Opinion and Order – Page 6**

Under Texas law, an insurance employee who "engage[s] in the business of insurance" is a "person" for purposes of Texas Insurance Code Chapter 541 (formerly Article 21.21); therefore, Texas law allows claims against insurance adjusters in their individual capacities. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007) (citing *Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998)). Plaintiff alleges specifically that Erdman is an individual "engaged in the business of insurance," and it is undisputed that Erdman was the adjuster who denied Plaintiff's claim. Pl.'s Orig. Pet. at 8-9 ¶ 30; *Id.*, Ex. A. The court accordingly finds that Erdman is a "person" subject to liability under Section 541 of the Texas Insurance Code.

The court now addresses whether there is a reasonable basis to predict that Plaintiff might be able to recover against Erdman on his Insurance Code claims. Defendants argue that Plaintiff fails to offer any specific facts in support of his claims, and therefore his allegations are merely conclusory in nature and would not survive a 12(b)(6)-type analysis. Defs.' Notice of Removal 3 ¶ 2.8. To survive a 12(b)(6) motion, Plaintiff must plead enough facts "to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 139 S. Ct. 1937, 1949 (2009). In a 12(b)(6) analysis, the court must "accept as true all factual allegations" in the complaint, not taking into account "mere legal conclusions couched as factual allegations." *Id.* at 1949-50. In ruling on such a motion, the court cannot look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

Defendants rely heavily on *Moore v. Travelers Indemnity Company* in support of their argument that Erdman was improperly joined. Defs.' Resp. to Pl.'s Mot. to Remand 6-8; No. 3:10-CV-1695-D, 2010 WL 5071036 (N.D. Tex. Dec. 7, 2010). In *Moore*, the plaintiff sued Travelers Indemnity Company ("Travelers") and the insurance adjuster who handled the plaintiff's claim in state court for violations of the Texas Insurance Code[4] in the handling and denial of his underlying workers' compensation claim. *Moore*, 2010 WL 5071036, at *1. Travelers argued that the insurance claims adjuster was improperly joined because the plaintiff's petition failed to allege either a specific provision of the Insurance Code that the adjuster had violated or sufficient facts to support such a claim. *Id.* at *2. The court held that the insurance claims adjuster was improperly joined because there was no reasonable basis to predict that the plaintiff might be able to recover under state law against the defendant adjuster. *Id.* at *6. While Defendants are correct in that *Moore* is good law, the allegations in the *Moore* case are different than the allegations in Plaintiff's Original Petition. *Compare* Pl.'s Orig. Pet., *with* Defs.' Notice of Removal, Ex. A. Although Plaintiff's Petition and the petition in *Moore* are factually similar, the petition in *Moore*, attached as Exhibit A to Defendants' Notice of Removal, contains no indication of attachments to the complaint. In contrast, attachments to Plaintiff's Original Petition, particularly Plaintiff's Exhibit D, consist of factual detail regarding Plaintiff's allegations and specifically implicate Erdman for violations of the Texas Insurance Code.

In Plaintiff's Original Petition, Plaintiff alleges that Defendants engaged in violations of Texas Insurance Code, chapter 541 subchapter B. Specifically, in a letter addressed to Erdman, Plaintiff alleges that Defendants violated section 541.060(a)(7) by "refusing to pay a claim without

---

[4]The plaintiff also alleged claims of bad faith and violations of the DTPA.

**Memorandum Opinion and Order – Page 8**

conducting a reasonable investigation with respect to the claim." Pl.'s Orig. Pet., Ex. D. Plaintiff alleges facts that, if true, support a plausible inference that Erdman failed to conduct a reasonable investigation with respect to the claim. For example, in the Refusal of Benefits letter, Defendants accept benefits for injury in the form of "laceration to the right eye only," however, Plaintiff alleges that there was no injury to the right eye and that medical evidence supports injury to the left eye only. *Id.*, Ex. D; *see also id.*, Ex. A. Significantly, Plaintiff alleges that the disputed injuries were "fully supported by the medical evidence" and that, at the Workers' Compensation Benefit Review Conference, "there was no medical evidence to contradict the medical evidence of [Plaintiff's] treating sources." *Id.*, Ex. D.

Plaintiff's allegations are also supported by Plaintiff's successful appeal to the Texas Department of Insurance, Division of Workers' Compensation, which determined that Plaintiff did have a compensable injury. *Id.*, Ex. C. Finally, Plaintiff further alleges that due to Defendants' delay or refusal of benefits, he has suffered, *inter alia*, economic damage, injury to his credit reputation, and mental anguish due to delayed treatment for injuries. Pl.'s Orig. Pet. at 10 ¶ 38; *see also id.*, Ex. D. Resolving all factual disputes and ambiguities in favor of Plaintiff, the court finds that Plaintiff's Original Petition states a plausible claim for relief against Erdman. The court can reasonably infer that Erdman is a "person," engaged in the business of insurance, who committed violations of section 541.060 of the Texas Insurance Code, resulting in injury to Plaintiff. The existence of even "a single valid cause of action against in-state defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court." *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004).

While Plaintiff's allegations do not firmly establish that Erdman will be liable for violations of the Texas Insurance Code, the allegations do support an inference that Plaintiff has some reasonable possibility of recovery. Defendants have failed to meet their heavy burden of establishing that Plaintiff has no reasonable possibility of recovery against Erdman. Accordingly, the court finds that there is a reasonable factual basis for predicting that state law might impose liability against him. The court therefore determines that Erdman was not improperly joined and this case must be remanded.

## IV. Conclusion

For the reasons stated herein, the court determines that Defendants have failed to establish that Erdman was improperly joined as a defendant. Because Plaintiff and Erdman are both citizens of Texas, complete diversity of citizenship does not exist between the parties, and this court therefore lacks subject matter jurisdiction. Accordingly the court **grants** Plaintiff's Motion for Remand. This action is hereby **remanded** to the 160th Judicial District Court of Dallas County, Texas, pursuant to 28 U.S.C. § 1447(c). The clerk of the court shall effect the remand in accordance with the usual procedure.

**It is so ordered** this 20th day of July, 2011.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge